IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD MORROW, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NO. 3-16-cv-1953 |
| ) | JUDGE TRAUGER |
| COMMUNITY HEALTH ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendant ) | |

ORDER AND MEMORANDUM

Pending before the court, among other things, is Plaintiff's Motion to Allow Use of Deposition Taken in Another Proceeding (Docket No. 62). For the reasons stated herein, Plaintiff's Motion is DENIED.

INTRODUCTION

This purported class action alleges that Community Health Systems, Inc. ("CHS") breaches its provider contracts with health insurers, causing monetary damages to third-party beneficiaries of those contracts, including Plaintiff and others similarly situated.

Plaintiff asserts that he received emergency medical care at South Baldwin Regional Medical Center ("South Baldwin"), an Alabama hospital allegedly owned and operated by CHS, after a motor vehicle accident in May of 2015. Plaintiff contends that his health insurer, Blue Cross Blue Shield of Alabama ("BCBS"), paid the hospital for services rendered to him, at the discounted rate mandated by the provider contract between CHS and Blue Cross Blue Shield. He avers that, upon realizing that Plaintiff's injuries were the result of a motor vehicle accident, the hospital (per CHS's

policy) refunded the insurer's discounted payment and billed Plaintiff for the full, undiscounted amount.

CHS claims that Plaintiff has sued the wrong Defendant. CHS asserts that the provider contract at issue is between BCBS and Foley Hospital Corporation d/b/a South Baldwin Regional Medical Center. Plaintiff did not file a copy of the subject contract with his Complaint. (Docket No. 1.) CHS has filed a copy of a contract that it contends is the contract at issue in this case, and that contract is in fact between BCBS and South Baldwin Hospital. (Docket No. 24-1.)

Defendant has filed a Motion to Dismiss, for Summary Judgment or to Compel Arbitration (Docket No. 23), and Plaintiff now seeks to use a deposition taken in another proceeding in opposition to Defendant's motion.

DISCUSSION

The burden of proving that deposition testimony is admissible falls on the proponent of the testimony - here, Plaintiff. *Hughes v. City of Chicago*, 673 F.Supp.2d 641, 652 (N.D. Ill. 2009). The deposition that Plaintiff seeks to use was taken in a state court action in Alabama involving a different plaintiff and a different defendant. The defendant in the state court action is Foley Hospital Corporation d/b/a South Baldwin Regional Medical Center, and the plaintiff is Samantha Elliott. CHS is not a party to the state court lawsuit and was given no notice of the deposition. The deposition Plaintiff seeks to use is that of Brad Hardcastle, the Chief Financial Officer of South Baldwin,[1] taken by Plaintiff's Alabama counsel for use in the state court action.

---

[1] Even though Plaintiff was treated at and billed by South Baldwin, he did not sue South Baldwin in this case.

CHS argues that the deposition was taken in a completely separate lawsuit, with different parties and no representative of CHS present to cross-examine or participate in any way. The witness at the state court deposition was a party adverse to Plaintiff, and the questions were for use in a case against South Baldwin, not against CHS. Plaintiff contends that use of Mr. Hardcastle's testimony is no different from an affidavit or declaration used in opposition to summary judgment under Federal Rule of Civil Procedure 56.

The Federal Rules of Civil Procedure provide that, generally, a deposition may be used against a party at trial if the party was present or represented at the taking of the deposition or had reasonable notice of it. Fed. R. Civ. P. 32(a)(1)(A). A deposition taken in an earlier action may be used in a later action involving the same subject matter between the same parties, to the same extent as if taken in the later action. Fed. R. Civ. P. 32(a)(8). The decision whether to admit a deposition from a prior lawsuit is vested in the district court's sound discretion. *Oracle America, Inc. v. Hewlett Packard Enterprise Co.*, 2017 WL 1436080 at * 1 (N.D. Cal. Apr. 24, 2017).

Typically, a deposition from an earlier action is not admissible in a later action if one of the parties was not represented at the time of the deposition; but the presence of an adversary with the same motive to cross-examine the deponent is a well-recognized exception to the rule. *Id*. (citing *Ikerd v. Lapworth*, 435 F.3d 197, 205 (7th Cir. 1970)); *see also Northern States Power Co. v. City of Ashland, Wis.*, 93 F.Supp.2d 958, 976 (W.D. Wis. 2015). The inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. *Fed. Housing Fin. Agency v. Merrill Lynch & Co., Inc.*, 2014 WL 798385 at * 1 (S.D. N.Y. Feb. 28, 2014). In this case, neither CHS nor its counsel was present at the prior deposition, so CHS had no

opportunity to object to questions, to ask for clarification from the witness, or to develop the witness' testimony through cross-examination.

Plaintiff has not shown that counsel who were present at the Hardcastle deposition had the same motive to cross-examine the witness as counsel for CHS would have had. Although the witness was not an employee of CHS, he was an employee of the hospital where Plaintiff received his treatment in this case and the hospital that committed the actions complained of herein, so his testimony is likely to be relevant to this case, and CHS was not allowed to participate in the taking of that testimony.

A deposition previously taken may also be used as allowed by the Federal Rules of Evidence. *Arrowood Indemnity Co. v. Hartford Fire Ins. Co.*, 774 F.Supp.2d 636, 645 (D. Del. 2011). The Federal Rules of Evidence provide that prior deposition testimony of a witness is not hearsay if the declarant is unavailable and if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Fed. R. Evid. 804(b)(1). Here, as in *Arrowood*, Plaintiff has made no showing that Mr. Hardcastle is unavailable to give a deposition in this action. Moreover, as noted above, CHS did not have an opportunity and similar motive to develop Hardcastle's testimony at the prior deposition.[2]

In *Roco, Inc. v. EOG Resources, Inc.,* 2016 WL 6610896 at * 6 (D. Kan. Nov. 9, 2016), the court found that a deposition taken in a different case with different parties was inadmissible and should not be considered on summary judgment. Similarly, in *Northern States*, the court held that a deposition was not admissible where the defendants in the prior action did not have the same

---

[2] Fed. R. Evid. 801(d)(2) is not applicable in this instance because neither South Baldwin nor Hardcastle is a party to this action.

4

motivation to cross examine the witnesses as did the defendants in the later action. *Northern States*, 93 F.Supp.3d at 976. In *Nichols v. Schilling*, 2011 WL 1630981 (E.D. Wis. Apr. 29, 2011), the court ruled that deposition testimony taken in a different case involving different parties is inadmissible and cannot be considered on a summary judgment motion. *Nichols* at * 1.

Under totally different circumstances, this court previously stated, in dicta, that sworn testimony from *ex parte* depositions could be allowed, so long as it met Rule 56's requirements for affidavits - namely, that the statements be made on personal knowledge, set out facts that would be admissible in evidence, and show that the witness is competent to testify on the matters stated. *American National Property and Casualty Co. v. Campbell Ins., Inc.*, 2011 WL 98813 at * 4, n.4.[3] (M.D. Tenn. Jan. 11, 2011). Not only was that statement dicta, contained in a footnote, but also the factual background that caused the court to opine on the issue was totally different. In that case, a breach of contract action, the *ex parte* testimony consisted of statements by 55 policyholders, asked the same basic questions concerning why they switched insurance companies.

Under the particular facts presented here, the court, in its discretion, finds that Plaintiff's Motion to Allow Use of Deposition Taken in Another Proceeding (Docket No. 62) should be denied. The deposition of Mr. Hardcastle from the Alabama case, which involved neither Plaintiff, nor CHS, nor any party with the same motivation to cross-examine Mr. Hardcastle, should not be used in opposition to summary judgment in this case. Plaintiff, of course, may take and use (to the extent otherwise appropriate) the deposition of Mr. Hardcastle in this case, with counsel for CHS present.

---

[3] Another judge of this court previously held that a deposition could be used in a summary judgment proceeding if it satisfied the admissibility requirements for affidavits. *Jones v. City of Franklin*, 2010 WL 2507771 (M.D. Tenn. June 18, 2010). In that case, however, the defendants in the later action were also defendants in the prior action. *Id*. at * 4.

IT IS SO ORDERED.

                                                 _____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE