IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD MORROW,                )
                              )
    Plaintiff            )
                              )
v.                            )   NO. 3-16-cv-1953
                              )   JUDGE TRAUGER
COMMUNITY HEALTH              )
SYSTEMS, INC., et al.         )
                              )
    Defendants           )

**MEMORANDUM OPINION**

Pending before the court is a Motion to Dismiss First Amended Class Action Complaint (Docket No. 86), filed by Defendants CHSPSC, LLC, Professional Account Services, Inc. and CHS/Community Health Systems, Inc. ("the remaining Defendants"). For the reasons stated herein, Defendants' Motion will be GRANTED in part and DENIED in part.

This court previously granted in part and denied in part a Motion to Dismiss filed by Defendant Community Health Systems, Inc. ("CHS"). Docket No. 83. The court dismissed Plaintiff's claims for breach of contract, intentional interference with contractual relations, and civil conspiracy against CHS and held that Plaintiff had no standing to allege breach of contract or intentional interference with contractual relations because he was not a party to the contract at issue. Because the civil conspiracy claim was dependent upon the intentional interference claim, it also was dismissed.

Plaintiff does not dispute that the same reasoning applies to his claims against the remaining Defendants for breach of contract, intentional interference with contractual relations, and civil conspiracy. Accordingly, those claims against the remaining Defendants will be dismissed.

The court did not dismiss Plaintiff's claim for unjust enrichment against CHS. The remaining Defendants argue that the court, nonetheless, should reconsider and dismiss the unjust enrichment claim against them. The remaining Defendants argue, as did CHS, that the only amount at issue is a $500 insurance payment. To the contrary, Plaintiff alleges:

> Through their billing and bill-collection practice, the Billing Defendants attempt to maximize the amounts collected by PASI for covered services by seeking from patients with health insurance, when sources of payment other than health insurance are available, the full amount of the hospitals' charges (which is more than the hospitals are entitled to receive for the covered services), rather than accepting the discounted amount the hospitals have contractually agreed to accept as full payment, except for co-pays and deductibles, from the patients' health insurance carriers. The Billing Defendants and PASI all receive a portion of the funds obtained from this practice and derive considerable profit from this business model.

Docket No. 73 at ¶ 31.

Plaintiff also alleges that, because of the wrongful business practices of Defendants (CHS and its direct and indirect subsidiaries), Defendants charged patients, including Plaintiff, a non-discounted amount - that is, the full amount of the medical bill - resulting in Defendants' receiving money from patients, including Plaintiff, to which they were not entitled. For example, Plaintiff alleges that, because of Defendants' business practices, the discounted payment by Plaintiff's insurer was returned to his insurer and the charges to Plaintiff were reinstated as $20,715.96. Plaintiff sufficiently alleges that Defendants, working together, received benefits, in the form of money or accounts receivable, by overcharging patients.

For the reasons previously stated by the court, and for purposes of a motion to dismiss, Plaintiff's First Amended Complaint sufficiently alleges that all Defendants participated in this business model and all Defendants benefitted from it and, thus, were unjustly enriched. The court must accept the allegations of the First Amended Complaint as true. Defendants are arguing factual disputes that must be determined at a later time. For example, after discovery, it may be that Defendants will

2

be entitled to summary judgment on the unjust enrichment claim, once the factual relations of the parties and the specifics of the alleged business model can be ascertained. But that determination is for a later date, not for a motion to dismiss.

With regard to Plaintiff's claim for declaratory judgment against PASI, the same factual disputes preclude summary judgment for PASI. For purposes of this Motion to Dismiss, however, the allegations of the First Amended Complaint are sufficiently pled.

For these reasons, the remaining Defendants' Motion to Dismiss will be granted in part and denied in part. Plaintiff's claims against these Defendants for breach of contract, intentional interference with contractual relations, and civil conspiracy will be dismissed.

IT IS SO ORDERED.

ENTER this 11th day of December 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE